H. C. JUDD & ROOT v. NEW YORK & T. S. S. CO.

(Circuit Court, E. D. Pennsylvania.  May 31, 1904.)

No. 7.

1. EVIDENCE—RELEVANCY TO ISSUES.

In an action against a carrier to recover for goods lost by fire while stored in a warehouse, through the alleged negligence of defendant in storing them in an unsafe place, evidence is admissible showing the condition of surrounding buildings, or that smoking in the locality had been prohibited by a city ordinance, as bearing on the issue as to such negligence.

2. SAME—ADMISSIONS.

An insurer which by payment of a loss has become subrogated to a right of action of the insured against a third party must recover thereon, if at all, in the right of the insured alone, and its own declarations or admissions are not admissible against such right.

At Law.  On motion for new trial.
See 128 Fed. 7.

Francis S. Laws and John F. Lewis, for plaintiff.
N. Dubois Miller, for defendant.

J. B. McPHERSON, District Judge.  In my opinion the defendant's reasons for a new trial ought not to prevail.  The Aranzas Pass Railway Company's bills of lading were admitted solely as part of the history of the case, and nothing whatever was predicated upon them.  The jury was told that by these bills the wool was simply brought to Galveston, where it was delivered to the defendant, who thereupon issued its own bills of lading therefor, and that under these second bills the defense was taken.  The testimony concerning the Moody Compress was relevant, I think, because the building was upon the wharf, although it did not directly face the water, and was a warehouse in which cotton was stored.  Testimony was offered concerning every other building from one end of the wharf to the other, and why the condition of this warehouse should not be described, although it was not only a warehouse, but also a place where the cotton was compressed into smaller bales, I am unable to see.  It formed part of the surroundings of the two warehouses that were burned, and the wharf front could not be fully described without referring to it. The municipal regulations with regard to smoking on the wharf

seemed to me to be admissible as tending to show the hazardous character of the place. If the councils of the city of Galveston thought the condition of things dangerous enough to call upon them. to pass an ordinance prohibiting smoking, while it may be true that the ordinance was only an expression of their opinion on the subject, it seems to me to be an expression of opinion that was both competent and relevant.

The rejected evidence with regard to the insurance rates was declared to be incompetent by the Circuit Court of Appeals in the opinion reported in 128 Fed. 7, for several reasons, one of which—its relevancy—was not at all affected by the offer to show that the Insurance Company of North America had paid the plaintiff's claim and was in full control of the present suit. The paragraph of the opinion that begins at the middle of page 13 states the view of the court upon this subject, and is independent of, and additional to, what is stated in the paragraph preceding. Moreover, even if the insurance company had paid the money and was in full control of the case, it would still be true that they must recover, if at all, upon the plaintiff's right and upon that alone: Mobile Ry. Co. v. Jurey, 111 U. S. 584, 4 Sup. Ct. 566, 28 L. Ed. 527; Phœnix Ins. Co. v. Erie Transportation Co., 117 U. S. 312, 6 Sup. Ct. 750, 1176, 29 L. Ed. 873; St. Louis, etc., Ry. Co. v. Ins. Co., 139 U. S. 223, 11 Sup. Ct. 554, 35 L. Ed. 154; United States v. American Tobacco Co., 166 U. S. 468, 17 Sup. Ct. 619, 41 L. Ed. 1081. It is this right to which the insurance company has been subrogated, if the plaintiff's claim has been paid, and, after careful reflection, I do not see that any declaration of the company concerning the safe or the hazardous character of the warehouse could be admissible in any aspect against such right. The foregoing decisions are, I think, conclusive on this point.

The question which is sought to be raised by the twenty-fourth reason for a new trial need not be considered. This reason was not filed within the time prescribed by the rules of court, and under the circumstances I think it would be undesirable to consider the question. Permission to file the reason is accordingly refused.

The motion for a new trial is overruled, and judgment may be entered on the verdict in favor of the plaintiff.